# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **REGINALD LOVER ROLLAND,** | : | **CIVIL ACTION NO.** |
| **Petitioner,** | : | **1:08-CV-3812-JEC-AJB** |
| | : | |
| **v.** | : | |
| | : | |
| **BRUCE   CHATMAN,   Warden,** | : | **HABEAS CORPUS** |
| **Scott State Prison,** | : | **28 U.S.C. § 2254** |
| **Respondent.** | : | |

### ORDER FOR SERVICE
### <u>OF REPORT AND RECOMMENDATION</u>

Attached is the Final Report and Recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72.  Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties, or if unrepresented, upon said party directly.

Within fourteen (14) days of service of this Order, a party may file written objections, if any, to the Report and Recommendation.  28 U.S.C. § 636(b)(1).  Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party.  The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District

Court.  If no objections are filed, the report and recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review.  *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED,** this 6th day of May, 2010.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

**REGINALD LOVER ROLLAND,**    :    **CIVIL ACTION NO.**
     **Petitioner,**    :    **1:08-CV-3812-JEC-AJB**
                     :
     **v.**    :
                     :
**BRUCE   CHATMAN,   Warden,**    :    **HABEAS CORPUS**
**Scott State Prison,**    :    **28 U.S.C. § 2254**
     **Respondent.**    :

## UNITED STATES MAGISTRATE JUDGE'S
## <u>FINAL REPORT AND RECOMMENDATION</u>

Petitioner, Reginald Lover Rolland, seeks pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his September 25, 2003, convictions in the Clayton County Superior Court. This matter is before the Court on the instant petition ("Petition"), [Doc. 1], Respondent's answer-response, [Doc. 6], Respondent's exhibits, [Doc. 7], Petitioner's declaration for entry of default, [Doc. 8], Petitioner's traverse, [Doc. 9], and Petitioner's reply brief, [Doc. 11].[1]

---

[1]      Petitioner has submitted a "Declaration for Entry of Default" against Respondent based on Respondent's purported failure to respond in a timely fashion to the Court's May 11, 2009, Order. [Doc. 8]. Petitioner's declaration is construed as a motion for a default judgment. In the May 11 Order, this Court instructed Respondent to show cause within thirty days of receipt of the order why the instant petition for writ of habeas corpus should not be granted. [Doc. 5 at 3]. The record reflects that Respondent timely filed his answer-response within thirty days of receipt of the May 11 Order. [*See* Doc. 6, filed 06/12/2009)]. Even if the answer-response had been untimely

## I.    **Background**

On June 13, 2003, Petitioner and co-defendant Georgette Thornton were indicted by a Clayton County grand jury for malice murder (Count One), felony murder while in the commission of an aggravated assault (Count Two), aggravated assault (Count Three), and concealing a death (Count Four).  (Respondent's Ex. No. ("RX-") 6 [Doc. 7-7] at 44-46.)[2]   Petitioner and Thornton were jointly tried by jury on September 22-25, 2003.  (RX-6 [Doc. 7-8] at 15.)  Petitioner was represented at trial by Jackie G. Peterson.  (*Id.* at 16.)

---

filed, default judgments are not available in a habeas corpus action.  *Aziz v. Lefevre*, 830 F.2d 184, 187 (11th Cir. 1987).  Other circuits agree.  *See, e.g., Lemons v. O'Sullivan*, 54 F.3d 357, 364-65 (7th Cir. 1995) ("Default judgment is an extreme sanction that is disfavored in habeas corpus cases."); *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment."); *Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 138 (6th Cir. 1970) (concluding that default judgments  are not available in habeas corpus proceedings, and that Federal Rule of Civil Procedure 55 pertaining to entry of default judgment is not applicable in habeas corpus cases).  Accordingly, the undersigned **RECOMMENDS** that Petitioner's motion for default judgment,  [Doc. 8], **BE DENIED**.

[2]      For ease of reference, this Court cites to the pages of the PDF document where the cited material is located.  This Court also uses this convention in subsequent citations to respondent's exhibits.

2

The jury convicted Petitioner of the charges in Counts Two, Three, and Four. (RX-6 [Doc. 7-7] at 72.)[3]  The trial court directed a verdict in favor of Petitioner on the malice murder charge in Count One "on the ground that the State had alleged the wrong date on which the malice murder occurred." *Rolland v. State*, 630 S.E. 2d 386,  387 n.1 (Ga. 2006).  On September 25, 2003, after merging Petitioner's Count Three conviction into the Count Two conviction, the trial court sentenced Petitioner to life imprisonment on the Count Two conviction plus ten years on the Count Four conviction.  (RX-6 [Doc. 7-7] at 73.)

Through new counsel, Suellen Fleming, Petitioner filed a motion for new trial on October 28, 2003, and an amended motion for new trial on September 22, 2003. (*Id.* at 75-76, 106-15.)  On May 24, 2005, after acknowledging the parties' stipulation that the motion for a new trial was not timely filed, the trial court granted Petitioner's motion for an out-of-time appeal, which had been filed by new counsel John A. Beall, IV.  (RX-6 [Doc. 7-8] at 1.)  Through Mr. Beall, Petitioner filed a motion for a new trial on June 6, 2005.  (RX-6 [Doc. 7-8] at 3-4.)  On July 21, 2005, the trial court conducted a hearing on Petitioner's motion for a new trial.  (RX-8 [Doc. 7-17] at 55.)

---

[3]     The jury convicted Thornton of felony murder and concealing a death. *Thornton v. State*, 620 S.E.2d 356, 358 n.1 (Ga. 2005).

3

On September 15, 2005, the Clayton County Superior Court denied Petitioner's motion for a new trial.  (RX-6 [Doc. 7-8] at 9-12.)

Through Mr. Beall, Petitioner appealed his convictions and sentences to the Georgia Supreme Court.  (RX-6 [Doc. 7-7] at 41.)  Petitioner raised the following enumerations of error:

(1)     trial counsel rendered ineffective assistance with regard to his trial strategy and lack of knowledge on the issue of preserving closing argument, which led counsel "not to interview some key witnesses and not to call impeachment witnesses";

(2)     the trial court erred by *sua sponte* dismissing the malice murder charge after the jury was sworn and before any evidence was presented; and

(3)     the trial court erred when it improperly limited Petitioner's cross-examination of a polygraph examiner.

(RX-8 [Doc. 7-19] at 19-20.)  On May 17, 2006, the Georgia Supreme Court rejected Petitioner's enumerations of error and affirmed his convictions and sentences. *Rolland*, 630 S.E.2d at 387-89.

On February 26, 2007, Petitioner filed a state habeas petition in the Chattooga County Superior Court.  (RX-1 [Doc. 7-2]; RX-2 [7-3].)  Petitioner raised the following grounds for relief:

4

(1)     trial counsel rendered ineffective assistance:

   (a)     with regard to his strategy and lack of knowledge on the issue of preserving closing argument, which resulted in counsel failing to interview key witnesses and to call impeachment witnesses;

   (b)     by failing to obtain funds to investigate Douglas Hollingsworth, a witness for the State;

   (c)     by failing to file a demurrer to the indictment or a motion in arrest of judgment; and

   (d)     by failing to renew his motion to sever Petitioner's trial from that of co-defendant Thornton;

(2)     appellate counsel rendered ineffective assistance by failing to raise on appeal that:

   (a)     the trial court's failure to sever Petitioner's trial from that of co-defendant Thornton; and

   (b)     Petitioner's indictment was void;

(3)     the trial court erred in failing to sever his trial from that of co-defendant Thornton;

(4)     Petitioner' indictment is void;

(5)     the trial court erred when it refused to allow Petitioner's trial counsel to conclude closing argument to the jury; and

(6)     Petitioner is being confined pursuant to a void judgment.

5

(*Id.*)  After conducting an evidentiary hearing on October 25, 2007 (RX-7 [Doc. 7-7] at 1-36), the state habeas court denied relief in an order filed on November 19, 2007. (RX-3 [Doc. 5-17].)  On November 17, 2008, the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal the denial of state habeas relief.  (RX-5 [Doc. 7-5].)

Petitioner has filed the Petition in this Court, seeking to challenge his September 25, 2003, convictions and sentences.  (Pet. [Doc. 1].)  Petitioner raises the following grounds in his Petition:

(1)  trial counsel rendered ineffective assistance:

    (a)  with regard to his strategy and lack of knowledge on the issue of preserving closing argument, which resulted in counsel failing to interview key witnesses and to call impeachment witnesses (Ground 1(a));

    (b)  by failing to file a demurrer to the indictment (Ground 1(b)); and

    (c)  by failing to obtain funds to investigate Douglas Hollingsworth, a witness for the State (Ground 1(c));

(2)  appellate counsel rendered ineffective assistance by failing to raise on appeal that:

    (a)  the trial court erred in not severing Petitioner's trial from that of co-defendant Thornton (Ground 2(a)); and

6

> (b)    Petitioner's indictment was void (Ground 2(b));
>
> (3)    the trial court erred in failing to sever his trial from that of co-defendant Thornton (Ground 3);
>
> (4)    Petitioner' indictment is void (Ground 4); and
>
> (5)    the trial court when it refused to allow Petitioner's trial counsel to conclude closing argument to the jury (Ground 5).

(Pet. Br. [Doc. 1-2] at 1-13). Along with the Petition, Petitioner submitted a pleading entitled "Motion for Writ of Habeas Corpus Grounds to be Reviewed Due to an Abuse of Judicial Discretion of Actual Prejudice that Resulted in Violation of Federal Law and Failure to Review Will Result in a Fundamental Miscarriage of Justice." (Pet. Supp. Br. [Doc. 3].) By Order entered on  May 11, 2009, this Court granted Petitioner's motion to the extent it was construed as one seeking Court leave to submit a supplemental brief in support of his Petition. (Ord. [Doc. 5].) In the supplemental brief, Petitioner claims that the state habeas court and the Georgia Supreme Court improperly denied relief with respect to his state habeas petition (Ground 6). (Pet. Supp. Br. [Doc. 3] at 1-2.)[4]

---

[4]    A review of Petitioner's reply brief, filed after Respondent had submitted his answer-response, reveals that he attempts to raise new ineffective-assistance-of-appellate-counsel claims. (*See* Pet. Repl. Br. [Doc. 10] at 14-16.) Specifically, Petitioner claims that appellate counsel failed to raise on appeal trial counsel's ineffectiveness in: (1) not moving for a directed verdict of acquittal after the close of

## II.   Discussion

### A.   Claims Adjudicated on the Merits

#### 1.   Standard of Review

Pursuant to 28 U.S.C. § 2254, a federal court may issue a writ of habeas corpus

on behalf of a person held in custody pursuant to a judgment of a state court if that

person is held in violation of his rights under federal law.  28 U.S.C. § 2254(a).  This

power, however, is limited.  A federal court may not grant habeas relief for claims

adjudicated on the merits by a state court unless the Petitioner demonstrates that the

state court adjudication resulted in a decision that "was contrary to, or involved an

unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1),

or "was based on an unreasonable determination of the facts in light of the evidence

---

evidence; and (2) not obtaining copies of Douglas Hollingsworth's past felonies.  (*Id.*).
Petitioner further claims that appellate counsel failed to raise on appeal that "the State
Prosecution was witness vouching during [the State's] closing arguments."  (*Id.*)
Petitioner has not sought Court permission to add these additional new grounds.  This
Court will not consider these claims as they were not raised in the Petition, and
Respondent has had no opportunity to respond to them.  *See* Rule 2(c), Rules
Governing Habeas Corpus Cases Under Section 2254 (explaining that "[t]he petition
must . . . specify all the grounds for relief available to the petitioner"); *Herring v. Sec'y,
Dept. Of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) (recognizing that "arguments
raised for the first time in a reply brief are not properly before a reviewing court");
*Martens v. Secretary, Dep't of Corr.*, No. 8:08-CV-248-T-30MAP, 2009 WL 2948518,
*1 (M.D. Fla. Sep. 14, 2009) (concluding that claims raised in the reply that were not
raised in the petition will not be considered).

presented in the State court proceeding," 28 U.S.C. § 2254(d)(2); *Price v. Vincent*, 538 U.S. 634, 638-39 (2003) (requiring the petitioner to demonstrate entitlement to relief under § 2254(d)). The state court's determinations of factual issues are presumed correct unless the petitioner presents clear and convincing evidence that those determinations were erroneous. 28 U.S.C. § 2254(e)(1). *See Rolling v. Crosby*, 438 F.3d 1296, 1301 (11th Cir. 2006) (stating that "factual findings of the state court, including the credibility findings, are presumed to be correct unless . . . rebut[ted] . . . by clear and convincing evidence").

Under § 2254 (d)(1)'s "contrary to" prong, a federal court may grant relief if the state court (1) applied a rule that contradicts Supreme Court holdings or (2) arrives at a different result from Supreme Court precedent based on facts that are "materially indistinguishable" from the facts in the Supreme Court's decision. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under § 2254(d)(1)'s "unreasonable application" prong, a federal court may grant relief "if the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (internal quotation marks omitted) (citing *Williams*, 529 U.S. at 413). The "unreasonable application" determination is objective, and the federal court may not issue a writ of

9

habeas corpus simply because it concludes in its independent judgment that the state court decision was erroneous or incorrect. *Wiggins*, 539 U.S. at 520-21; *Marquard v. Sec'y for Dept. of Corr.*, 429 F.3d 1278, 1306 (11th Cir. 2005).

This Court has reviewed the pleadings and exhibits and finds that the record contains sufficient facts upon which the issues may be resolved. As Petitioner has made no showing as required by 28 U.S.C. § 2254(e)(2), no federal evidentiary hearing is permitted, and the case is now ready for disposition. *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992) (before a federal habeas petitioner is entitled to an evidentiary hearing he must establish "cause and prejudice" for his failure to present the evidence in state court); *Crowe v. Head*, 356 F. Supp. 2d 1339, 1352 (N.D. Ga. 2005) (Evans, J.) (recognizing that § 2254(e)(2) requires a showing that petitioner was not at fault in failing to develop the evidence in state court).

## 2. <u>Ineffective Assistance of Trial Counsel</u>

Petitioner claims as part of Ground 1 that trial counsel rendered ineffective assistance with regard to his strategy and lack of knowledge on the issue of preserving closing argument, which resulted in counsel failing to interview key witnesses and to call impeachment witnesses (Ground (1)(a)). (Pet. Br. [1-2] at 1-3.) Petitioner contends that trial counsel's strategy of preserving closing argument led him not:

10

(1) "to interview or call either Ms. Stovall as a witness, who would have testified to the violent nature of [Thornton]"; and (2) "to interview or call Mr. Ralph Rufus Cheek, who would have impeached state's witness, Douglas Hollingsworth."   (*Id.* at 2.) Respondent contends that Georgia Supreme Court's rejection of this ground is entitled to deference under § 2254(d).  (Resp. Br. [6-2] at 5.)

The standard for evaluating ineffective assistance of counsel claims was set forth in *Strickland v. Washington*, 466 U.S. 668, 698 (1984).  The analysis under *Strickland* is two-pronged, and the court may "dispose of the ineffectiveness claim on either of its two grounds."  *Atkins v. Singletary*, 965 F.2d 952, 959 (11th Cir. 1992); *see Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffectiveness claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

First, Petitioner must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.  Second, Petitioner must also demonstrate that counsel's unreasonable acts or omissions prejudiced him.  *Strickland*, 466 U.S. at 694.  That is, Petitioner "must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different.

11

A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Petitioner presented his claims in Grounds 1(a) to the Georgia Supreme Court. In rejecting this claim, the Georgia Supreme Court determined:

> During the course of the trial, Thornton called a witness in her defense, which meant that [Petitioner], as well as Thornton, lost his right to make the final closing argument to the jury. [Petitioner] contends that trial counsel's performance was deficient because he did not know that, if Thornton called a witness to testify, [Petitioner] would lose his right to conclude closing argument, and that he should have abandoned the trial strategy of preserving his right to conclude final arguments in favor of a strategy of introducing evidence, particularly testimony from the impeaching witness in question. However, even assuming that trial counsel provided deficient performance in his trial strategy, we conclude that [Petitioner] has failed to carry his burden to show that there is a reasonable probability that, if trial counsel had chosen to introduce evidence at trial, the outcome of the trial would have been different.
>
> In this regard, [Petitioner] points to two witnesses that trial counsel should have called to testify at trial. According to [Petitioner], one of these witnesses [, Ms. Stovall], would have testified that she saw Thornton chase [Petitioner] with a knife on one occasion. However, an examination of the record indicates that Thornton admitted to this conduct when she testified at trial and that [Petitioner] also testified about the incident. Accordingly, we conclude that there is no reasonable probability that the other witness's testimony about Thornton would have changed the outcome of the trial.
>
> The second witness that [Petitioner] contends that trial counsel should have called to testify at trial testified at the hearing on [Petitioner's] motion for new trial. The witness, Ralph Cheek, testified that he would

12

have offered evidence impeaching a State's witness, Douglas Hollingsworth. At trial, Hollingsworth testified that he was in jail with [Petitioner] just before trial; that [Petitioner] told him that the victim was at his house to make a drug deal; that the victim previously had "ripped him off" on a drug deal; that the victim was "messing around" with his girlfriend; and that [Petitioner] and the victim got in a fight and [Petitioner] killed him.

At the motion for new trial hearing, Cheek testified that, if called as a witness at trial, he would have testified that he was in jail with Hollingsworth just before [Petitioner's] trial; that Hollingsworth told him that he was going to testify against [Petitioner]; and that Hollingsworth said "he was gonna do anything to get out of this jail, he said he didn't care if he was lying or whatever, he said he was gonna get out."

We conclude, however, that even if Cheek had testified at trial, there is not a reasonable probability that the outcome of the trial would have been different. First, at trial, Hollingsworth testified that he was in jail for driving on a suspended license; that he was also on probation in another county for driving on a suspended license; and that in the 1970s, he had been convicted of a felony. Thus, at trial, Hollingsworth's general credibility was attacked. Moreover, at trial, Hollingsworth testified that he was scheduled to be released from custody in a few days, and there was no evidence, either at trial or at the motion for new trial hearing, that Hollingsworth faced other immediate incarceration, thus undermining Cheek's claim that Hollingsworth said he would do anything to get out of jail. In addition, at trial, Hollingsworth's testimony was consistent with other testimony at trial, indicating that Hollingsworth had discussions with [Petitioner] about the details of Rolland and Thornton's relationship with the victim. For instance, several witnesses testified, as did Hollingsworth, that [Petitioner] was upset with the victim for having sex with Thornton. Finally, in addition to Thornton's testimony that [Petitioner] shot the victim, the evidence also showed that [Petitioner] gave numerous inconsistent statements to the police after he was arrested; that [Petitioner] was upset with the victim for having sex with Thornton; that there was

13

testimony that [Petitioner] planned to sell his house and a car immediately after the victim was killed; and that he called another person about a week after the victim's death and asked that person how to make a dead body stop smelling.

For the foregoing reasons, we conclude, that even if trial counsel had foregone his strategy of preserving final closing argument and called Cheek[] as a witness at trial, there is not a reasonable probability that the outcome of the trial would have been different.

*Rolland*, 630 S.E.2d at 388-89 (footnote omitted).

Petitioner has failed to establish that the Georgia Supreme Court's decision as to Ground 1(a) was objectively unreasonable. Although the Georgia Supreme Court did not specifically cite to *Strickland* in analyzing this ground, its decision is entitled to deference. *See Early v. Packer*, 537 U.S. 3, 8 (2002) (holding state court is not required to cite Supreme Court cases, or even be aware of them, to avoid its decision being "contrary to" Supreme Court precedent, as would warrant federal habeas relief, so long as neither reasoning nor result of state court decision contradicts Supreme Court cases). A review of the decision in *Rolland* reveals that the Georgia Supreme Court effectively applied the two-part test set forth in *Strickland* when it considered whether trial counsel's assistance was both deficient and prejudicial. *Rolland*, 630 S.E.2d at 388-89.

14

This Court agrees with the Georgia Supreme Court's conclusion that Petitioner was not prejudiced by trial counsel's decision not to interview certain witnesses  and call them to testify at trial in order to preserve his right to conclude closing argument. Georgia law in effect at the time of the trial provided that:

> After the evidence is closed on both sides, the prosecuting attorney shall open and conclude the argument to the jury.  If the defendant introduces no evidence, his counsel shall open and conclude the argument to the jury after the evidence on the part of the state is closed.

O.C.G.A. § 17-8-71 (2003).  Even assuming that trial counsel should have abandoned his failed strategy of preserving his right to conclude closing argument, Petitioner has failed to demonstrate the requisite prejudice.

Compelling evidence was presented at trial to prove that Petitioner had committed the crime of felony murder, aggravated assault, and concealing death. Indeed, the Georgia Supreme Court summarized the evidence presented at Petitioner's and co-defendant Thornton's trial as follows:

> The State presented evidence that [Thornton] and [Petitioner] picked up the victim, a crack cocaine dealer, at the house from which he sold drugs several days before he was killed.  The trio returned to the Thornton-[Petitioner] home where they smoked crack cocaine for two days. [Thornton] testified that [Petitioner], angry because [Thornton] had engaged in sexual relations with the victim, shot the victim as the victim was leaving.  Because [Petitioner] threatened to kill her, [Thornton] helped drag the victim's body to the backyard and cover it with plywood

15

sheeting.  The next day, [Petitioner] put the victim's body in the creek. [Petitioner] testified he was awakened from a drug-induced sleep by the sound of gunshots and went outside to see [Thornton] shooting the victim. A week after the shooting, [Thornton] told the father of one of her children that [Petitioner] had killed the victim and the whereabouts of the victim's remains.  When police officers arrived the next day, [Thornton] gave them permission to search the creek.  [Petitioner] was arrested upon the discovery of the body, and [Thornton] took police to the apartment complex in which the man to whom [Petitioner] had given the murder weapon lived.  [Petitioner] led police to the man to whom he had given the gun, and test results on the gun obtained from the man indicated it had fired the bullets recovered from the victim's body.  A person housed in the Clayton County jail for driving with a suspended license testified [Petitioner] told him he killed the victim because the victim had cheated him in a drug deal and was "messing around" with [Petitioner's] girlfriend.  The law enforcement officer who administered a post-arrest polygraph examination to [Thornton] testified there was a 99% probability [Thornton] was being deceptive when she answered the examiner's three questions in the negative.  [Thornton] stipulated to the admissibility of the polygraph test results prior to undergoing the examination.

*Thornton*, 620 S.E.2d at 359 (footnote omitted).[5]  These factual findings are presumed correct because Petitioner has not met his burden of rebutting the presumption of correctness by clear and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1); *see also Summer v. Mata*, 449 U.S. 539, 547 (1981) (explaining that "the presumption of correctness" is equally applicable when a state appellate court, as opposed to a state trial court, makes the finding of fact).

_____

[5]      The Georgia Supreme Court in *Rolland* acknowledged that this statement of the facts had been set forth in *Thornton*.  *Rolland*, 630 S.E. 2d at 387 n.3.

16

Petitioner contends that trial counsel should have interviewed and called to the stand Ms. Stovall, who would have testified that Thornton had on one occasion chased Petitioner down the street with a knife. (Pet. Br. [Doc. 1-2] at 2.) Thornton, however, admitted to this conduct at trial. (RX-7 [Doc. 7-11], Trial Transcript ("TT") at 489.) Petitioner has failed to show how Ms. Stovall's cumulative testimony regarding the incident with the knife would have changed the outcome of the trial, especially in light of the compelling evidence of guilt presented.

Petitioner further contends that trial counsel should have interviewed and called Cheek to the stand, who would have impeached the testimony of Hollingsworth. (Pet. Br. [Doc. 1-2] at 2.) Hollingsworth testified at trial that Petitioner had told him in jail that he had killed the victim because he had cheated him in a drug deal and was "messing around with his girlfriend." (RX-7 [Doc. 7-11], TT at 406-07). At the hearing on Petitioner's motion for a new trial, Cheek stated that if had been called as a witness at trial, he would testified that Hollingsworth was willing to say anything, including lying about Petitioner's confession, to get out of jail. (RX-8 [Doc. 7-18], Motion for New Trial Transcript at 46-47.)

The trial transcript reflects, however, that Hollingsworth's general credibility was effectively attacked by trial counsel, who elicited information about Hollingsworth's

17

criminal record.   (RX-7 [Doc. 7-11] at 412-13.)   Furthermore, Hollingsworth's testimony reflects that he denied having any discussion with Cheek about testifying for the purpose of getting an earlier release from jail and that any testimony offered by Cheek would be a lie.   (*Id.* at 414).   Petitioner has failed to show how Cheek's testimony regarding Hollingsworth's motivations would have changed the outcome of the trial, especially in light of the compelling evidence of guilt presented.

For the foregoing reasons, it follows that the Georgia Supreme Court's rejection of Petitioner's claims in Ground 1(a) was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding[s]."   28 U.S.C. § 2254(d). Accordingly, Petitioner is not entitled to federal habeas corpus relief in connection with these claims.

### 3.   <u>Ineffective Assistance of Appellate Counsel</u>

Petitioner claims that appellate counsel rendered ineffective assistance by failing to raise on appeal that: the trial court erred in not severing Petitioner's trial from that of co-defendant Thornton (Ground 2(a)); and Petitioner's indictment was void (Ground 2(b)).   (Pet. Br. [1-2] at 5-8.)   Respondent contends that the state habeas

18

court's rejection of these grounds is entitled to deference under § 2254(d).  (Resp. Br. [Doc. 6-2] at 6-7.)

As with a claim of ineffective assistance of trial counsel, a habeas petitioner seeking to establish a Sixth Amendment violation for ineffective assistance of appellate counsel must show that his appellate counsel's performance was objectively unreasonable and that he was prejudiced as a result thereof.  *See Strickland*, 466 U.S. at 694.  An appellate attorney is not obligated to raise on appeal every conceivable trial error.  Indeed the hallmark of effective appellate advocacy is the ability to winnow "out weaker arguments on appeal and [focus] . . . on 'those more likely to prevail' . . . ." *Smith v. Murray*, 477 U.S. 527, 536 (1986).  Neither is counsel obliged to raise non-meritorious issues.  *See Lambrix v. Singletary*, 72 F.3d 1500, 1507 (11th Cir. 1996).

### Ground 2(a)

In Ground 2(a), Petitioner claims that appellate counsel rendered ineffective assistance by failing to raise on appeal that the trial court erred in failing to sever Petitioner's trial from that of co-defendant Thornton.  Petitioner contends that he suffered prejudice as a result of the joint trial, which amounted to the denial of his due process rights.  (Pet. Br. [Doc. 1-2] at 8-9.)

19

The Supreme Court has recognized no general right to a separate criminal trial. *Zafiro v. United States*, 506 U.S. 534 (1993).  A federal habeas corpus petitioner "seeking relief for a trial court's refusal to sever a co-defendant must show that the refusal rendered the trial fundamentally unfair." *Williams v. Singletary*, 114 F.3d 177, 179  (11th Cir. 1997).  In Georgia, the severance of a co-defendant's trial is within the sound discretion of the trial court and will not be disturbed unless there is an abuse of discretion.  O.C.G.A. § 17-8-4; *Dixon v. State*, 485 S.E.2d 480, 481 (Ga. 1997).  A defendant desiring severance must make a clear showing of prejudice and a consequent denial of due process in the absence of severing.  *Berry v. State*, 481 S.E.2d 203, 210 (Ga. 1997).

During his state criminal proceeding, Petitioner moved the trial court to sever his case from that against Thornton.  (RX-6 [Doc. 7-7] at 62-63.)  Petitioner argued that: (1) a joint trial would deny him a fair trial; (2) the defendants' defenses are in conflict and antagonistic; (3) the jury would have "insurmountable difficulty in distinguishing the alleged acts of [Petitioner] from the alleged acts of [Thornton]"; (4) evidence "may be introduced by the State which may be inadmissible against [Petitioner] but may be admissible against [Thornton]"; and (5) "[e]vidence may be introduced by [Thornton] which would be inadmissible against [Petitioner] if [Thornton] does not testify at trial.

20

(*Id.* at 62.)  The trial court addressed the motion to sever at the beginning of the trial. (RX-6 [Doc. 7-8], TT at 16-30.)  The main concern addressed by the trial court revolved around whether a *Bruton*[6] problem existed in connection with any custodial statements made by either Petitioner or Thornton.  (*Id.* at 17.)  Along with denying the motion to sever, the trial court directed Thornton's counsel that he could not reference any custodial statements in his opening statement that implicated Petitioner.  (*Id.* at 28.) The trial court further directed the parties to review all statements implicating a co-defendant in order to make appropriate redactions and avoid a *Bruton* problem.  (*Id.* at 30.)

Petitioner presented his claim in Ground 2(a) to the state habeas court.  The state habeas court concluded that:

---

[6]     The Confrontation Clause of the Sixth Amendment provides a defendant in a criminal trial the right " 'to be confronted with the witnesses against him' " and cross-examine them.  *Richardson v. Marsh*, 481 U.S. 200, 206 (1987) (quoting U.S. Const. amend. VI).   This constitutional right is violated when a facially incriminating statement of a non-testifying co-defendant is offered into evidence at a joint trial even if the jury is instructed to consider the statement only as evidence against the defendant who made the statement. *Bruton v. United States*, 391 U.S. 123, 126 (1968).  This constitutional right is also violated when a facially incriminating statement is redacted to replace the defendant's name with "an obvious indication of deletion, such as a blank space, the word 'deleted,' or a similar symbol. . . ." *Gray v. Maryland*, 523 U.S. 185, 192 (1998).

AO 72A
(Rev.8/82)

> Counsel testified that he considered the issue and determined that same would not have merit on appeal. Whether to sever the trials of co-defendants is left to the sound discretion of the trial court. *Mapp v. State*, 258 Ga. 273 (1988). Antagonism between co-defendants is not enough in itself to require severance. Rather, Petitioner must also demonstrate resulting harm from the fail to sever. *Dennard v. State*, 262 Ga. 453 (1993). The Court finds that Petitioner has failed to show that he was harmed by the trial court's fail to sever his case from that if his co-defendant. The Court specifically notes that both Petitioner and his co-defendant testified at trial. Thus, Petitioner was able to cross-examine his co-defendant. Petitioner failed to show that the number of defendants created confusion for the jury or that there was a danger that evidence admitted against his co-defendant was considered against Petitioner. Consequently, Petitioner failed to show that appellate counsel either performed deficiently or that Petitioner was prejudiced by counsel's failure to raise on appeal the failure of the trial court to sever Petitioner's trial from that of his co-defendant.

(RX-3 [Doc. 7-4] at 7.)

This Court finds that the state habeas court's rejection of Petitioner's claim in Ground 2(a) was objectively reasonable. The record reflects that both Petitioner and Thornton testified at the trial. (RX-7 [Doc. 7-11], TT at 421 and 548.) Each defendant had an opportunity to cross-examine the other defendant. Petitioner, therefore, has failed to demonstrate the presence of any meritorious or harmful *Bruton* violations. Furthermore, a review of the trial transcript reveals that the evidence presented was not so complicated or confusing such that the jury could not properly appraise the evidence regarding Petitioner's guilt and the evidence of Thornton's guilt. Petitioner has not

22

established any clear or compelling prejudice as a result of the trial court's decision to deny severance.  Petitioner, therefore, cannot show that the trial court's decision rendered the trial fundamentally unfair or otherwise constituted a violation of his constitutional rights.  *See Williams*, 114 F.3d at 179.

Appellate counsel did not render incompetent assistance or prejudice Petitioner due to his failure to raise Ground 2(a) on direct appeal.  It follows that the state habeas court's rejection of this claim was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding[s]."  28 U.S.C. § 2254(d).  Accordingly, Petitioner is not entitled to federal habeas corpus relief in connection with his claim in Ground 2(a).

### Ground 2(b)

In Ground 2(b), Petitioner claims that appellate counsel rendered ineffective assistance by failing to raise on appeal that Petitioner's indictment was void and defective.  In support of this claim, Petitioner contends that the indictment contained an incorrect date in the malice murder charge in Count One and that the trial court in failing to dismiss the entire indictment as void.  (Pet. Br. [1-2] at 10-11.)

23

In order to satisfy due process under the Fourteenth Amendment, an indictment must provide the defendant with fair notice of the charges against him in order to allow the defendant adequate preparation for his defense. *Jackson v. Virginia*, 443 U.S. 307, 314 (1979); *Faretta v. California*, 422 U.S. 806, 818 (1975). "The sufficiency of a state indictment is an issue on federal habeas corpus only if the indictment was so deficient that it deprived the convicting court of jurisdiction." *Heath v. Jones*, 863 F.2d 815, 821 (11th Cir. 1989) (citing *DeBenedictis v. Wainwright*, 674 F.2d 841, 842-43 (11th Cir. 1982)).

A review of the indictment reveals that Petitioner was charged with committing malice murder on August 16, 2003, over two months after the grand jury returned the indictment. (RX-6 [Doc. 7-7] at 45.). The date stated in each of the remaining counts was August 16, 2002. (*Id.* at 45-46.) During jury selection, the trial court granted Petitioner a directed verdict on Count One due to the incorrect date alleged therein. (RX-6 [Doc. 7-8], TT at 43, 55.)

Petitioner presented his claim in Ground 2(b) to the state habeas court. The state habeas court determined that Petitioner could not demonstrate "how the incorrect date in one count rendered the entire indictment void." (RX-3 [Doc. 7-4] at 6.) Thus, the state habeas court concluded that Petitioner had "failed to show that appellate counsel

24

either performed deficiently or that Petitioner was prejudiced by counsel's failure to raise on appeal that Petitioner's judgment was void." (*Id.* at 7-8.)

The state habeas court's rejection of Petitioner's claim in Ground 2(b) was objectively reasonable. A review of the indictment shows that Petitioner was provided fair notice of the charges brought against him. The fact that the indictment contained an error on the date stated in one count does not render the indictment void or to otherwise deprive the trial court of jurisdiction. *Heath*, 863 F.2d at 821.

Appellate counsel, therefore, did not render incompetent assistance or prejudice Petitioner due to his failure to raise Ground 2(b) on direct appeal. It follows that the state habeas court's rejection of this claim was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding[s]." 28 U.S.C. § 2254(d). Accordingly, Petitioner is not entitled to federal habeas corpus relief in connection with his claim in Ground 2(b).

25

### B. **Procedurally-Defaulted Claims**

#### 1. **Rules regarding Procedural Default**

Federal habeas review is generally barred for a claim that was procedurally defaulted in state court, i.e., a claim "*not* resolved on the merits in the state proceeding" based on an "independent and adequate state procedural ground." *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977) (noting that it was consistent with the Constitution for a state procedural rule to require that an alleged error "be challenged at trial or not at all") (emphasis supplied).

> [P]rocedural default can arise in two ways.  First, where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred, *Sykes* requires the federal court to respect the state court's decision.  Second, if the petitioner simply never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal.

*Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999) (citations omitted); *see also Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (noting that if petitioner failed to exhaust state remedies and the state courts would now find claims procedurally barred, "there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims").

26

This bar to federal habeas review may be lifted, however, if the petitioner can demonstrate either (1) cause for the default and actual prejudice from the alleged violation of federal law, or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice," e.g., that he will remain incarcerated despite his actual innocence unless the federal court considers his defaulted claim. *See Coleman*, 50 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 488-89, 495-96 (1986).  To establish cause, a petitioner must show either that his counsel's assistance was so ineffective that it violated his Sixth Amendment right to counsel or "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488.  "To establish 'prejudice,' a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different" had he presented his defaulted claim. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

To prevail on a claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial," thereby showing "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  If a petitioner has procedurally defaulted a claim in state court and "makes

27

no attempt to demonstrate cause or prejudice" or a fundamental miscarriage of justice, that "claim is not cognizable in a federal" habeas action.  *Gray v. Netherland*, 518 U.S. 152, 162 (1996).

### 2.   <u>Claims Raised for the First Time in the State Habeas Petition</u>

As part of Ground 1, Petitioner claims that trial counsel rendered ineffective assistance by failing to file a demurrer to the indictment (Ground 1(b)) and to obtain funds to investigate Douglas Hollingsworth (Ground 1(c)).  Petitioner further claims that the trial court erred in failing to sever his trial from that of co-defendant Thornton (Ground 3), that his indictment is void (Ground 4), and that the trial court erred when it refused to allow Petitioner's trial counsel to conclude closing argument to the jury (Ground 5).  (Pet. [Doc. 1-1] at 5-7; Pet. Br. [Doc. 1-2] at 5, 8-13.)

To preserve an issue for state habeas review in Georgia, a criminal defendant must make a timely objection at trial and then raise the issue on direct appeal. O.C.G.A. § 9-14-48(d); *Head v. Taylor*, 538 S.E.2d 416, 418 (Ga. 2000) (quoting *Black v. Hardin*, 336 S.E.2d 754 (Ga. 1985)).  With regard to Grounds 1(b), 1(c), 3, 4, and 5, Petitioner raised similar claims in his state habeas petition.  (*See* RX-1 [Doc. 7-2]; RX-2 [Doc. 7-3]; RX-2 [Doc. 20-2] at 9.)  The state habeas court ruled that these grounds were procedurally defaulted based on Petitioner's failure to raise them on direct appeal.

(RX-3 [Doc. 7-4] at 5-6, 8-9.)  The state habeas court further ruled that Petitioner had failed to establish the requisite "cause and prejudice" to excuse the procedural default of these claim.  (*Id.*)

Based upon the state habeas court's conclusions, this Court finds that the federal bar to review applies to Grounds 1(b), 1(c), 3, 4, and 5 because they have been explicitly ruled to be procedurally barred by the state habeas court.  *Bailey*, 172 F.3d at 1302-03.  Petitioner has established neither cause nor prejudice to excuse the procedural default of these claims.  Furthermore, in the absence of any demonstration of actual innocence, the failure to consider these claims would not result in a "fundamental miscarriage of justice."  Accordingly, Petitioner has not overcome the federal procedural bar to review and is not entitled to federal habeas relief with respect to Grounds 1(b), 1(c), 3, 4, and 5.

### C.    Claim Attacking the State Collateral Proceedings

In Ground Six, Petitioner claims that the state habeas court and the Georgia Supreme Court improperly denied relief with respect to his state habeas petition.  (Pet. Supp. Br. [Doc. 3] at 1-2.)  Respondent contends that this ground fails to state a claim for habeas relief.   (Resp. Br. [Doc. 6-2] at 9.)

29

Federal habeas corpus relief is not available to correct alleged errors in Petitioner's state habeas corpus proceedings. *See Quince v. Crosby*, 360 F.3d 1259, 1261-62 (11th Cir. 2004) (holding that "an alleged defect in a collateral proceeding does not state a basis for habeas relief"); *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997) (recognizing that "infirmities in state habeas proceedings do not constitute grounds for relief in federal court"); *Clark v. Williams*, No. 1:07-CV-103-RWS, 2007 WL 2904113, *2 (N.D. Ga. Oct. 1, 2007) (explaining that petitioner cannot state federal habeas claim by attacking the Georgia Supreme Court's denial of certificate of probable cause from the denial of habeas relief).    "The reasoning behind this well-established principle is straightforward: a challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment-- *i.e.*, the conviction itself--and thus habeas relief is not an appropriate remedy." *Carroll v. Secretary, DOC*, 574 F.3d 1354, 1365 (11th Cir. 2009) (citing *Quince*, *id.*).  Accordingly, Petitioner is not entitled to federal habeas corpus relief as to Ground 6.

## III.   Certificate of Appealability

"[T]he applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability ["COA"] under 28 U.S.C. § 2253(c)." FED. R. APP. P. 22(b)(1). "The district court must issue or deny a [COA] when it enters

30

a final order adverse to the applicant" seeking federal habeas corpus relief.  Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court (eff. Dec. 1, 2009).

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  An applicant satisfies this standard when he demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner. . . ."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation omitted).

Petitioner has failed to demonstrate that he is entitled to habeas relief with respect to his numerous claims on the basis that: (1) the state courts' rejection of Grounds 1(a), 2(a), and 2(b) are entitled to deference under § 2254(d); (2) Grounds 1(b), 1(c), 3, 4, and 5 are procedurally defaulted; and (3) Ground 6 fails to state a claim for federal habeas relief.  Based on the reasons set forth above, this Court concludes that Petitioner would not be able to make "a substantial showing" that he was denied "a constitutional right."   Accordingly, this Court **RECOMMENDS** that Petitioner be denied a COA.

31

## IV.   Conclusion

**IT IS HEREBY RECOMMENDED** that, based upon the foregoing analysis and discussion, the instant habeas corpus petition, [Doc. 1], be **DENIED**, that Petitioner's motion for a default judgment, [Doc. 8], be **DENIED**, and that Petitioner be **DENIED** a COA.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this the  6th  day of May, 2010.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

32