FILED IN CHAMBERS
U.S.D.C. Atlanta

JAN 31 2011

By: JAMES N. HATTEN, Clerk
    [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| REGINALD LOVER ROLLAND,<br><br>    Petitioner,<br><br>v.<br><br>BRUCE CHATMAN, Warden,<br>Scott State Prison,<br><br>    Respondent. | PRISONER HABEAS CORPUS<br>28 U.S.C. § 2254<br><br><br>CIVIL ACTION NO.<br>1:08-CV-3812-JEC |

## ORDER AND OPINION

This matter is before the Court on the Final Report and Recommendation ("R&R") issued by United States Magistrate Judge Alan J. Baverman [Doc. 12], and Petitioner's objections thereto [Doc. 14]. After conducting an extensive review of Petitioner's claims for relief, Magistrate Judge Baverman recommended that Petitioner be denied federal habeas corpus relief.

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court is obligated to conduct a *de novo* review of the portions of the R&R to which Petitioner has objected. The Court reviews the remainder of the R&R for plain error. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983). Where a petitioner does not file *specific objections* to factual findings and

recommendations of the magistrate judge, however, this Court need not perform a *de novo* review. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993) (citing, inter alia, Stokes v. Singletary, 952 F.2d 1567, 1576 (11th Cir. 1992); LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988)).

Petitioner's only specific objection relates to Grounds 2(b) and 4 of the petition. In Ground 4, Petitioner argued that the indictment was void because the malice murder charge (Count One) contained an incorrect date, and he argued in Ground 2(b) that appellate counsel was ineffective for failing to raise this issue on appeal.[1] The state habeas court found that Petitioner was procedurally defaulted on his claim that the indictment was void, and that Petitioner had failed to demonstrate cause, prejudice, or a miscarriage of justice to overcome the procedural default. The state habeas court further found that because Petitioner could not demonstrate how the incorrect date in the first count rendered the entire indictment void, Petitioner failed to show that appellate counsel was ineffective for not raising this issue on appeal.

Judge Baverman concluded that both state habeas court findings

---

[1] Due to the incorrect date set forth in Count One of the indictment, the trial court granted Petitioner a directed verdict as to malice murder and the jury trial proceeded with the remaining counts of felony murder, aggravated assault, and concealing a death. The jury convicted Petitioner on all counts.

2

were objectively reasonable. First, because Petitioner was provided fair notice of the remaining charges against him, appellate counsel was not ineffective for failing to raise an argument on appeal that the entire indictment was void based on the incorrect date in the malice murder count. Moreover, Petitioner had not raised the claim that the indictment was void on direct appeal, and had failed to overcome the procedural default by demonstrating cause, prejudice, or a miscarriage of justice. This Court agrees with Judge Baverman's conclusions.

Apparently abandoning his original argument that the indictment was void because of the incorrect date in the malice murder count, Petitioner now argues that the indictment is void because it failed to set forth the essential elements of aggravated assault. The Court, however, declines to consider Petitioner's objection because this argument was never presented to Magistrate Judge Baverman. See Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding that "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge"). As such, Petitioner's objection to Grounds 2(b) and 4 of the R&R are overruled.

Finally, this Court has reviewed the remainder of the R&R to which Petitioner presents no specific objections, and finds that Judge Baverman did not clearly err in determining that: (1)

3

Petitioner has not demonstrated that trial counsel was ineffective as alleged in Ground 1(a), or that appellate counsel was ineffective as alleged in Ground 2(a); (2) Grounds 1(b), 1(c), 3, and 5 are procedurally defaulted; (3) Petitioner's claim in Ground 6 that the Georgia Supreme Court and the state habeas court improperly denied relief fails to state a claim for federal habeas relief; (4) Petitioner is not entitled to default judgment; and (5) this Court should deny a Certificate of Appealability to the next forum. For that reason, the Court will adopt the remainder of the R&R in full.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Court **ADOPTS AS ITS ORDER** the Magistrate Judge's Report and Recommendation over Petitioner's Objections. Petitioner's habeas petition [Doc. 1] is hereby **DENIED** and the instant action is **DISMISSED.**

**IT IS FURTHER ORDERED** that Petitioner's motion for an extension of time to file objections to the R&R [Doc. 13] is **GRANTED** nunc pro tunc. Petitioner's objections filed on May 27, 2010 [Doc. 14], are hereby accepted as filed.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED.**

The Clerk is **DIRECTED** to close this case.

4

IT IS SO ORDERED, this ⎯⎯31⎯⎯ day of January, 2011.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)